# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

FRANCIS HAYDEN,

      Petitioner,                     CASE NO.   99-CR-20011-BC
                                              05-CV-10287-BC

v.

                                     DISTRICT JUDGE DAVID M. LAWSON

UNITED STATES OF AMERICA,         MAGISTRATE JUDGE CHARLES BINDER

      Respondent.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
## TO VACATE, SET ASIDE, OR CORRECT SENTENCE

## I.     RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Petitioner's motion be

**DENIED**.

## II.     REPORT

### A.    Introduction

Pending, pursuant to an Order of Reference from United States District Judge David

Lawson, is the above-entitled motion filed under 28 U.S.C. § 2255 to vacate Petitioner's federal

custodial sentence.  After extensions of time (Dkts. 521, 525), Respondent filed a response

opposing the motion.  (Dkt. 535.)  Upon review, I conclude that pursuant to E.D. Mich. LR

7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

In February 1999, Petitioner and others were charged with conspiracy to manufacture marijuana and marijuana manufacturing charges.  Petitioner retained Attorney Rod O'Farrell, who represented him throughout the proceedings before this Court.  In February 2000, Mr. O'Farrell filed a motion to suppress search warrant.  (Dkt. 150.)  In a separate motion, Mr. O'Farrell challenged a warrantless entry made into a mobile home, which Petitioner contended was his residence. (Dkt. 151.)  The Government opposed both motions, arguing that Petitioner had no standing to challenge these searches.  (Dkt. 157.)  Attorney O'Farrell replied on behalf of Petitioner.  (Dkt. 163.)

In May 2000, pursuant to an order of reference, this judicial officer conducted an evidentiary hearing.  After the filing of additional briefs and affidavits (Dkts. 174, 182, 184), on August 10, 2000, I issued a Report and Recommendation suggesting the denial of the motions to suppress, as I concluded that Petitioner lacked standing to challenge the searches at issue.  Attorney O'Farrell objected on behalf of Petitioner (Dkt. 203), and the Government responded (Dkt. 206).  After a de novo evidentiary hearing, United States District Judge David Lawson adopted my Report and Recommendation, concluding, among other things, that Petitioner had failed to provide "sufficient evidence from which this Court [can] infer the necessary lawful possession and control[.]" (Tr., Dkt. 440 at 51.)  Shortly thereafter, Attorney O'Farrell moved for reconsideration, filing with that motion a new affidavit from Petitioner.  (Dkt. 229.)  The motion was denied by Judge Lawson.  (Dkt. 239.)  Subsequently, Attorney O'Farrell filed another motion to "reopen reconsideration" claiming that the Government had wrongfully withheld evidence relating to Petitioner's standing to seek suppression of the searches at issue.  (Dkt. 260.)  Judge Lawson held another hearing and again concluded that Petitioner lacked a legitimate expectation

of privacy entitling him to seek suppression of the evidence found during these searches. (Dkt. 272.)

Petitioner and others went to trial in May 2001. In mid-June 2001, Petitioner and three co-defendants were convicted of conspiracy to manufacture and distribute 1,000 or more marijuana plants or 1,000 or more kilograms of marijuana as charged in Count I of the Indictment. As a result of Petitioner's prior criminal history, he received the statutory penalty of life imprisonment for his convictions. (J., Dkt. 417.) Subsequent to his conviction, Attorney O'Farrell again filed motions to suppress and a motion to dismiss the indictment based on a claim of prosecutorial misconduct. (Dkts. 314-16.) After a hearing, Judge Lawson denied the motions.

Attorney O'Farrell then filed a direct appeal. In an unpublished decision issued November 19, 2004, (Dkt. 478), the Sixth Circuit concluded:

> After our careful review of the record, we find no error on the issue of standing. The district court had before it the lease agreement purportedly between Mark Robinson and John Hunt of Bad Axe, Michigan. The lease provided that it was to begin on May 1, 1995 and end on May 1, 1998. The lease agreement bore the signature of John Hunt. The lease also provided that John Hunt was not to sublet the premises defined as "fifty-five (55) tillable acres, including the barn and trailer, located on Argyle Road, Cass City, MI." [Attachment B] The district court found repeatedly that the defendant Francis Hayden was unable to demonstrate the right to be on the premises because he had no consent of the first party to the lease, *i.e.*, Mark Robinson. We affirm the district court's ruling finding that Francis Hayden had failed to establish any legitimate right to be on the premises and thus lacked standing to challenge the warrantless search of what he contended was his trailer residence. We find that the district court thoroughly and patiently considered Hayden's Fourth Amendment claims, before and after trial, and we find no error in his rulings.

*United States v. Robinson*, Nos. 01-2395, 01-2398, 01-2664, 02-1450, 2004 WL 2650798, ** 7, (6th Cir. Nov. 19, 2004) slip op. at 21-22 (footnote omitted). Petitioner's conviction and sentence were affirmed by the Sixth Circuit.

Petitioner's motion makes two claims, both alleging ineffective assistance of counsel.  In the first claim, Petitioner argues that counsel was ineffective at the trial level in failing to fully investigate the factual circumstances surrounding Petitioner's assertions of standing to challenge the earlier described searches.  Petitioner's second claim is that at the appellate level, Petitioner was ineffective in framing his appellate arguments and by failing to vigorously raise issues surrounding the application of *Minnesota v. Carter*, 525 U.S. 83, 119 S. Ct. 469, 142 L. Ed. 2d 373 (1998).

### B.    Motion Standards

### 1.    Governing Law of § 2255

In order to prevail on a § 2255 motion, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."  *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).  A § 2255 motion is not a substitute for a direct appeal.  In cases where a petitioner raises a claim under § 2255 that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show:  (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation.  *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994).  However, the Sixth Circuit has held that a post-conviction motion under § 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance.  *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)).  All the claims made by Petitioner in this case assert the ineffective assistance of counsel.

4

## 2.     Governing Law of Ineffective Assistance of Counsel Claims

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-prong test that must be satisfied to prevail on an ineffective assistance of counsel claim.  First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 688.  Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Id.*  It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding."  *Id.*  Rather, the movant must show that but for counsel's errors, the result would have been favorably different.  *Id.* at 693. Although *Strickland* was decided twenty years ago, the Supreme Court has reaffirmed that "the *Strickland* test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims."  *Williams v. Taylor*, 529 U.S. 362, 391, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

## C.     Analysis & Conclusions

After review of Petitioner's motion, under the standards set forth above, I suggest that Petitioner's assertions of ineffective assistance fail at the first step of the *Strickland* analysis.  I am hard pressed to conceive of more vigorous advocacy on the part of a criminal defense counsel than that of Attorney O'Farrell in his tireless pursuit of the suppression of the results of the searches in this case.  Attorney O'Farrell repeatedly raised issues of standing at every stage of the proceedings, including multiple motions for reopening or reconsideration.  Counsel's efforts brought about at least four hearings before two judicial officers, both of whom considered the issue of Attorney O'Farrell's assertions relating to standing, as well as his arguments in support of suppression.

5

Multiple affidavits were filed relating to the factual circumstances surrounding Petitioner's assertions of standing.  I am entirely unable to find any meaningful corroboration for Petitioner's conclusory assertion that Attorney O'Farrell failed to investigate the factual circumstances underlying Petitioner's claims of standing.

As to Attorney O'Farrell's appellate arguments relating to the principles enunciated in the *Carter* case, I suggest that those actions are precisely the types of "strategic choices made after thorough investigation of law and facts relevant to plausible options [which are] virtually unchallengeable [ ]" under *Strickland*, 466 U.S. at 691.  I therefore suggest that the denial of Petitioner's motion is appropriate.


## III.   <u>REVIEW</u>

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

s/ *Charles E. Binder*

CHARLES E. BINDER
United States Magistrate Judge

Dated: February 24, 2006

6

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Janet Parker, and served in the traditional manner on Francis Hayden and Honorable David M. Lawson.

Dated: February 24, 2006                          By_____s/Mary E. Dobbick_____
                                                                    Secretary to Magistrate Judge Binder