# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

UNITED STATES OF AMERICA,

 *Plaintiff,*

v.

FRANCIS DARRELL HAYDEN,

 *Defendant*.
_____/

CASE NO. 99-CR-20011

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR RETURN OF PROPERTY
(Doc. 625)

### I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's Motion be **DENIED**.

### II. REPORT

Defendant Francis Hayden is a federal prisoner who is currently incarcerated at FCI Terre Haute in Terre Haute, Indiana. On August 10, 2009, Defendant filed this *pro se* motion for return of property under FED. R. CRIM. P. 41(g), seeking return of property seized by state authorities on October 31, 1996, and by Order of Administrative Forfeiture of the Circuit Court for Sanilac County, Michigan dated February 28, 1997. (Doc. 625 at 1; Doc. 629 at 2, Ex. A.)

On August 13, 2009, U.S. District Judge David M. Lawson referred the motion to the undersigned magistrate judge. (Doc. 626.) On August 13, 2009, the Court issued a notice for the government to respond to the motion. (Doc. 627.) On August 26, 2009, the government responded to the motion. (Doc. 629.) Upon review of the documents, I conclude that pursuant to E.D. Mich.

LR 7.1(e)(2), this motion is ready for Report and Recommendation on the pleadings without oral argument.

Defendant Hayden seeks return of his property under FED. R. CRIM. P. 41(g)[1] which is treated as a civil action in equity when commenced after the conclusion of the criminal proceedings. *United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir. 2000). Once forfeiture proceedings have been initiated and the property owner has been notified, an owner may not sue Rule 41(g) but must submit to the procedures governing civil forfeitures. *United States v. One 1974 Learjet 24D, Serial Number 24D-290, Mexican Registration XA-RMF,* 191 F.3d 668, 673 (6th Cir. 1999). "Most judicial challenges to an administrative forfeiture are foreclosed by the plaintiff's failure to use the mechanism provided in the forfeiture statute and regulations...Nonetheless, federal courts do have jurisdiction to entertain collateral due process attacks on administrative forfeitures, including challenges to the adequacy of notice." *United States v. Campbell*, 3 Fed. App'x 381, 383 (6th Cir. 2001).

However, where there is no evidence that the property "was ever in the possession of a federal government agent or agency," federal courts lack subject matter jurisdiction. *United States v. Oguajo*, 107 Fed. App'x 541, 543 (6th Cir. 2004); *United States v. Obi*, 100 Fed. App'x 498, 499 (6th Cir. 2004).

In the instant case, the Order of forfeiture was issued by a State court and the property was forfeited to the Sanilac County Drug Task Force. (Doc. 629, Ex. A.) Defendant concedes that the property at issue is in the hands of the State of Michigan and offers no evidence that federal agents or agencies currently possess the property. (Doc. 625 at 1-2.) Therefore, I suggest that the motion be denied.

---

[1] It should be note that Defendant does not bring his claim under 42 U.S.C. § 1983.

2

In the alternative, I suggest that the motion could also de denied based on the doctrine of laches since the more than ten year delay between the notice and Order of forfeiture and the instant motion is unreasonable.  *Carter v. United States*, 160 F.Supp.2d 805, 815-16 (E.D. Mich. 2001)(defense of laches is available in response to a motion for the return of property; six year delay between notice of forfeiture and motion was unreasonable); *Arispe v. United States of America*, No. 00-20013BC01, 2005 WL 3132211, at *5 (E.D. Mich. Nov. 21, 2005)(two year delay was unreasonable).

### III.    REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                s/ *Charles E. Binder*
                                                CHARLES E. BINDER
Dated: October 14, 2009                    United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that this Report and Recommendation was electronically filed this date, served upon counsel of record via the Court's ECF System and was mailed by the U.S. Postal Service to the following non-ECF participant: Francis D. Hayden, #01754-033, FCI Terre Haute, P.O. Box 33, Terre Haute, IN 47808.

Date:  October 14, 2009                  By    s/Patricia T. Morris
                                                                 Law Clerk to Magistrate Judge Binder