UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                  Case Number 99-20011

v.                                            Honorable David M. Lawson
                                           Magistrate Judge Charles E. Binder

FRANCIS D. HAYDEN,

        Defendant.

_____/

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING DEFENDANT'S OBJECTIONS, AND DENYING DEFENDANT'S MOTION FOR RETURN OF PROPERTY

This matter is before the Court on the plaintiff's objections to a report filed by Magistrate Judge Charles E. Binder recommending that the defendant's motion for return of property be denied. Defendant Francis Hayden was convicted of manufacturing 1000 marijuana plants and conspiracy and, because he had two prior felony drug convictions, he was sentenced to mandatory life in prison pursuant to 21 U.S.C. § 841(b)(1)(A). The investigation that led to the charges in this case began when in October 1996, a local police officer responded to a complaint that horses were running loose at a farm in rural Sanilac County, Michigan. Law enforcement officers discovered a large-scale marijuana growing and manufacturing operation. A state court judge issued a search warrant on October 31, 1996, resulting in the seizure of dozens of items, including a brown gelding and a chestnut mare, plus a horse trailer. Hayden apparently believes this property belongs to him, and he wants it back.

      The Court referred Hayden's motion for return of property to Magistrate Judge Binder, who filed a report on October 14, 2009 recommending that the motion be denied. He observed that the property sought by Hayden was forfeited to the State of Michigan in forfeiture proceedings

concluded in February 1997 before a state court judge. Judge Binder reasoned that Hayden could not obtain relief under Federal Rule of Criminal Procedure 41(g) because forfeiture proceedings had been initiated. The magistrate judge suggested that the federal court lacked subject-matter jurisdiction because Hayden offered no proof that federal agents ever had the property, and there was no proof that it was ever in the possession of a federal government agent or agency. Alternatively, he recommended denial because more than ten years had passed between the forfeiture and this motion.

>Hayden filed timely objections, stating as follows:
>
>Agents and/or Officers assigned to a "Joint Task Force", [sic] were responsible for seizing the subject property and/or items, including documents and records. The aforesaid task force operated in conjunction with federal agents or agencies. In addition, the property, documents, records, and reports, [sic] were introduced at the federal trial of this defendant/movant. Therefore, this court possesses jurisdiction to order the property and material returned.

Pet'r's Obj. [dkt. #641] at 1. Hayden also requested a hearing.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

A *pro se* litigant's pleadings are construed liberally and judged against a less stringent standard than pleadings drawn by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However,

a *pro se* litigant is subject to the same rules of procedure and evidence as litigants who are represented by counsel.  *See Faretta v. California*, 422 U.S. 806, 834 n.46 (1975).

Under Rule 41(g) of the Federal Rules of Criminal Procedure:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).  A motion under Rule 41(g) is treated as a civil equitable action when criminal proceedings have concluded.  *United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir. 2000).  Once the property owner has been notified that forfeiture proceedings have been initiated, "a claimant may no longer use Rule 41(e) [now Rule 41(g)], but instead must submit to the statutory procedures governing civil forfeiture proceedings."  *United States v. One 1974 Learjet 24D*, 191 F.3d 668, 673 (6th Cir. 1999); *see also Shaw v. United States,* 891 F.2d 602, 603-04 (6th Cir. 1989).  "Most judicial challenges to an administrative forfeiture are foreclosed by the plaintiff's failure to use the mechanism provided in the forfeiture statute and regulations."  *United States v. Campbell*, 3 F. App'x 381, 383 (6th Cir. 2001); *see also Toure v. United States*, 24 F.3d 444, 445-46 (2d Cir. 1994) (per curiam); *Shaw*, 891 F.2d at 603-04; *United States v. Giraldo*, 45 F.3d 509, 511 (1st Cir. 1995) (per curiam).  "Nonetheless, federal courts do have jurisdiction to entertain collateral due process attacks on administrative forfeitures, including challenges to the adequacy of notice."*Campbell*, 3 F. App'x at 383.

However, federal courts lack subject-matter jurisdiction if there is no evidence that a federal agent or agency ever had real or constructive possession of the property.  *United States v. Oguajo*, 107 F. App'x 541, 543 (6th Cir. 2004); *United States v. Obi*, 100 F. App'x 498, 499 (6th Cir. 2004);

*see also United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997) (holding that "[b]ecause the United States was not in possession of the vehicle at the time [the petitioner] filed his motion, and, indeed, had never been in possession of the vehicle, it is not the appropriate party from which to request its return).

Hayden argues that federal agents worked with the task force that seized documents and records that were used at his federal trial. Perhaps that is so, but this argument has nothing to do with whether a federal agent or agency ever possessed the horses and the horse trailer that he wants returned. On the motion of a local prosecutor, a state court judge ordered an administrative forfeiture and the property was forfeited to the Sanilac County Drug Task Force. The petitioner conceded that the property was seized by the State of Michigan, and he offered no evidence to show that a federal agent or agency now has the property. The petitioner did not suggest that the notice was insufficient, nor did he make any other collateral due process arguments.

In *Obi* and *Oguaju*, the court dismissed the petitioners' motions for return of property because the property had been seized and forfeited by the State of Michigan, the petitioners had received notice of the forfeiture proceedings, and the petitioners provided no evidence that a federal agent or agency ever possessed the property they wanted returned. *Obi,* 100 F. App'x at 499*; Oguaju*, 107 F. App'x at 542-43. The facts of the present case compel the same result.

Moreover, Hayden has waited far too long before raising this issue, and the doctrine of laches bars his claim. Laches forecloses relief when there is an unreasonable, unexcused delay in bringing the claim and the opposing party is materially prejudiced as a result. *Carter v. United States*, 160 F. Supp. 2d 805, 815-16 (E.D. Mich. 2001). Hayden waited more than ten years after the order of forfeiture (entered on February 28, 1997) before he filed his motion for return of property on August

10, 2009. Waiting ten years before raising an issue relating to the return of live animals is unreasonable. There is no evidence as to their whereabouts, and Hayden has offered no explanation for this delay. Since the property was forfeited to the state by state officers, one might reasonably assume that the horses and trailer have moved on to greener pastures. Hayden is not entitled to the relief he seeks from the government, which most likely does not have any possessory interest in it any longer, if it ever did. Besides, it is probably better for the horses to deny the motion.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #638] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections to the report and recommendation [dkt #641] are **OVERRULED**.

It is further **ORDERED** that the motion for return of property [dkt #625] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   November 18, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 18, 2009.

s/Teresa Scott-Feijoo
TERESA SCOTT-FEIJOO