UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 99-20011
        Honorable David M. Lawson

D-6 FRANCIS DARRELL HAYDEN,

        Defendant.

_____/

**<u>ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE SENTENCE</u>**

On November 19, 2009, the defendant filed a motion to vacate and set aside the sentence imposed against him in this matter, pursuant to Fed. R. Crim. P. 12(b), 35, and 36, and 18 U.S.C. § 3742(a).

Generally, motions to vacate federal criminal sentences are brought under 28 U.S.C. § 2255. Section 2255(f) includes a one-year statute of limitations, which is measured from the latest of:

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Because the petitioner has not alleged a governmental impediment to filing, a claim newly recognized by the Supreme Court, or newly discovered facts, subparagraph 1 applies to his claim arising out of his conviction and sentence.

A federal criminal judgment becomes final for the purpose of section 2255 at the conclusion of direct review. *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002). "[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003). This Court sentenced the defendant on April 2, 2002 and the Sixth Circuit affirmed the conviction and sentence on November 19, 2004. The defendant did not appeal this ruling to the United States Supreme Court. Therefore, his conviction became final when the time for filing a petition for certiorari had run, "within 90 days after entry of the judgment." Sup. Ct. R. 13(1). Under that rule, the defendant's conviction became final on February 17, 2005, and the statute of limitations under 28 U.S.C. § 2255 expired on February 17, 2006. The motion presently before the Court was not filed until November 19, 2009, over four years after the statute of limitations had run. Therefore, the motion is barred by the statute of limitations.

The defendant also argues that one of the prior convictions relied on by this Court to enhance his sentence under 21 U.S.C. § 841(b)(i)(A) was incorrectly considered a qualifying offense under the statute. However, "[a]ny challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge." 28 U.S.C. § 851(2)(2). By not raising this challenge prior to sentencing and by failing to show good cause for this untimely challenge, the defendant has waived this claim.

Accordingly, it is **ORDERED** that the defendant's motion to set aside and vacate judgment [dkt # 647] is **DENIED**.

s/David M. Lawson

                DAVID M. LAWSON
                United States District Judge

Dated: December 1, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 1, 2009.

          s/Teresa Scott-Feijoo
          TERESA SCOTT-FEIJOO