UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA.,

        Plaintiff,

v.                                    Case No. 99-20011
                                      Honorable David M. Lawson

D-6 FRANCIS DARRELL HAYDEN,

        Defendant.

_____ /

## ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER ORDER DENYING MOTION TO SET ASIDE SENTENCE

On January 21, 2010, the defendant filed a motion to reconsider the Court's order denying his motion to vacate and set aside the sentences imposed against him in this matter. The defendant argues that the Court's order did not resolve all of the issues in his motion, specifically with respect to the quantity of marijuana in his possession, and that the Court failed to make an individual finding on this issue. The defendant also asks the Court to re-examine the standard it used to deny the motion, arguing that the "manifest injustice" prong of the cause-and-prejudice standard for procedural default should apply to his case.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party to shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However, motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

The defendant has not demonstrated a palpable defect on the Court's part. The Court construed the defendant's motion to vacate as a petition for a writ of habeas corpus, 28 U.S.C. § 2255, the appropriate format for motions to vacate a criminal sentence. Under that statute, a petitioner has one year to file his petition. Since he did not file within this period, the Court determined that his claim was time-barred. In his motion for reconsideration, the defendant has cited to the standard for a procedural default, which is not applicable here. Thus, the defendant has failed to demonstrate a palpable defect and reconsideration will be denied on this point.

The defendant also suggests that the Court failed to make individualized findings at sentencing. As the Court noted in its order denying the defendant's motion to vacate, "[a]ny challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge." 28 U.S.C. § 851(2)(2). The defendant has not raised any grounds tending to show a palpable defect in the Court's reliance on this rule. The Court will deny the defendant's motion for reconsideration.

Accordingly, it is **ORDERED** that the defendant's motion for reconsideration [dkt #653] is **DENIED**.

                                              s/David M. Lawson
                                              DAVID M. LAWSON
                                              United States District Judge

Dated: February 2, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 2, 2010.

                              s/Teresa Scott-Feijoo
                              TERESA SCOTT-FEIJOO